**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHAYONE RATLIFF, | CIVIL ACTION NO. 11-4084 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| MIDDLESEX COUNTY PROSECUTORS OFFICE, et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, Shayone Ratliff, who is represented by counsel, brings this action to recover damages for violations of 42 U.S.C. § 1983 ("Section 1983") and the New Jersey Civil Rights Act ("NJCRA"). (See dkt. entry no. 28, 3d Am. Compl.) The defendant New Jersey Office of the Attorney General ("NJOAG") — sued herein as New Jersey State Attorney Generals Office — moves to dismiss the claims asserted against it, arguing that it (1) "is entitled to Eleventh Amendment immunity from suit", and (2) "is not regarded as a 'person' amenable to suit under [Section 1983], or the [NJCRA]". (Dkt. entry no. 35, NJOAG Br. at 2.)

**THE NJOAG** filed its motion ("NJOAG Motion") on January 7, 2013. (See generally dkt. entry no. 35.) The return date for the NJOAG Motion was on February 4, 2013. (See unnumbered entry after dkt. entry no. 35.) The plaintiff has neither filed a response to the NJOAG Motion, nor sought an extension of time to file papers in response thereto.

**THE DEFENDANTS** Erik Daabe, Anne Milgram, and Asha Vaghella ("Individual Defendants") separately move to dismiss the claims asserted against them.  (See generally dkt. entry no. 39, Individual Defs. Br.)  The Individual Defendants filed their motion ("Individual Defendants Motion") on May 1, 2013.  (See generally dkt. entry no. 39.)  On May 21, 2013, the plaintiff sought an extension of time to respond to the Individual Defendants Motion only.  (See dkt. entry no. 40, 5-21-13 Letter at 1-4.)  The Court granted the plaintiff an extension of time as to that motion on June 3, 2013.  (See unnumbered entry after dkt. entry no. 40 (noting same).)

**THE PLAINTIFF**, in seeking an extension of time to respond to the Individual Defendants Motion, has demonstrated that he is actively monitoring the Court's electronic docket for this action.  Thus, the Court must assume that the plaintiff, who the Court again notes is represented by counsel, (1) is aware of the NJOAG Motion, (2) does not intend to respond to the NJOAG Motion, and (3) concedes that the claims asserted against the NJOAG should be dismissed.  Therefore, the NJOAG Motion will be granted.

**EVEN IF** the plaintiff were not conceding that the claims asserted against the NJOAG should be dismissed, the Court would grant the NJOAG Motion on the merits.  Section 1983 enables a plaintiff to bring a civil action against a "person" who caused a

2

deprivation of constitutional rights under color of state law. But the NJOAG is not considered to be a "person" subject to such an action.  See Hawkins v. Sup. Ct. of N.J., 174 Fed.Appx. 683, 685 (3d Cir. 2006) (affirming part of District Court order dismissing claims asserted against NJOAG, as "neither the Supreme Court of New Jersey nor the Office of the Attorney General for the State of New Jersey is a 'person' subject to liability under § 1983").  The Eleventh Amendment also bars Section 1983 claims asserted against the NJOAG, as such claims are, in effect, brought against the state itself.  See Kadonsky v. New Jersey, 188 Fed.Appx. 81, 83-84 (3d Cir. 2006) (affirming part of District Court judgment dismissing claims asserted against NJOAG as barred by Eleventh Amendment).  New Jersey has not consented to subject the NJOAG to this type of civil action, and immunity here has not been abrogated.

**THE NJOAG**, as a New Jersey state agency, is also not a "person" subject to liability as defined by the NJCRA.  See N.J.S.A. §§ 1:1-2, 10:6-2(c); see also Didiano v. Balicki, 488 Fed.Appx. 634, 637-39 (3d Cir. 2012) (affirming part of District Court order determining New Jersey state agency is not a "person" amenable to suit under either Section 1983 or NJCRA); Chapman v. State of New Jersey, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (stating claim asserted against New Jersey state agency under NJCRA "is impermissible"); Fields v. Essex Cnty.

Prob. Dep't, No. A-2879-09T3, 2011 WL 677255, at *2-3 (N.J. App.Div. Feb. 28, 2011) (affirming part of Superior Court order determining New Jersey state agency was not a "person" subject to liability under Section 1983 or NJCRA).

**THE COURT** will issue an appropriate order and judgment granting the NJOAG Motion.  The Individual Defendants Motion will be separately addressed, when appropriate.

                                                  s/ Mary L. Cooper  
                                                  **MARY L. COOPER**  
                                                  United States District Judge

Dated:  June 5, 2013