**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAYONE RATLIFF,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDDLESEX COUNTY PROSECUTORS OFFICE, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-4084 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Shayone Ratliff, who is represented by counsel, brings the action against, among others, former New Jersey Attorney General Anne Milgram, former Deputy Attorney General Asha Vaghela (s/h/a Asha Vaghella), and Deputy Attorney General Erik Daab (s/h/a Erik Daabe) (collectively, "the Individual Defendants"). (See dkt. entry no. 28, 3d Am. Compl.)  Ratliff asserts claims against the Individual Defendants for alleged violations of his state and federal constitutional rights.  (See id.)  The Individual Defendants have been sued in both their personal and official capacities.  (See id.)

**THE INDIVIDUAL DEFENDANTS** now move to dismiss the claims asserted against them that concern alleged violations of Ratliff's federal constitutional rights ("Federal Claims"), based on the doctrine of immunity.  (See dkt. entry no. 39, Notice of Mot.; dkt.

entry no. 39-1, Br. in Supp. at 7-11.)  Ratliff has not filed opposition to the Motion.[1]  The Court has thus considered the Motion without oral argument, see L.Civ.R. 78.1(b), and analyzed the Third Amended Complaint substantively in light of the arguments raised in support of the Motion.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 29-30 (3d Cir. 1991).

**THE COURT** has concluded, with respect to the Federal Claims and pursuant to the Eleventh Amendment, that the Individual Defendants enjoy immunity insofar as they have been named in their official capacities.  See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."); Kadonsky v. New Jersey, 188 Fed.Appx. 81, 83-84 (3d Cir. 2006) ("[C]laims against the State of New Jersey . . . are barred by the Eleventh Amendment[.]").  (See also dkt. entry no. 41, 6-5-13 Op. (finding

---

[1] Ratliff's opposition to the Motion was originally due on May 20, 2013. (See dkt. text entry following dkt. entry no. 39 (noting that Motion was returnable on June 3, 2013).)  See also L.Civ.R. 7.1(c), (d)(2).  On May 21, 2013, Ratliff filed an untimely request for additional time to oppose the Motion; the untimely request was granted, and the Motion was made returnable on July 1, 2013.  (See dkt. entry no. 40, 5-21-13 Letter.)  See also L.Civ.R. 7.1(d)(5).  Opposition papers were thus due two weeks ago on June 17, 2013.  (See dkt. text entry following dkt. entry no. 40.)  See also L.Civ.R. 7.1(c), (d)(2).  Ratliff nonetheless failed to oppose or otherwise respond to the Motion.

here that the New Jersey Office of the Attorney General enjoyed immunity and dismissing claims raised against that entity).)

**THE COURT** also concludes, with respect to the Federal Claims, that the Individual Defendants enjoy immunity insofar as they have been named in their personal capacities.

**THE INDIVIDUAL DEFENDANTS** enjoy -- with respect to the Federal Claims -- immunity insofar as they have each been sued personally. State officials may in some circumstances be held personally liable for actions taken in their official capacities. See, e.g., Hafer, 502 U.S. at 27. Here, however, the Individual Defendants enjoy immunity from the Federal Claims because the acts alleged in the Third Amended Complaint arose from and relate directly to the Individual Defendants' official prosecutorial capacities. See Van de Kamp v. Goldstein, 555 U.S. 335, 343-46 (2009); Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976); Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) ("The decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred. Harm to a falsely-charged defendant is remedied by safeguards built into the judicial system . . . .") (citations omitted); Nemes v. Korngut, No. 08-2814, 2008 WL 5401609, at *9 (D.N.J. Dec. 24, 2008) (holding that deputy attorney generals were

"immune from damages for actions taken in their official prosecutorial capacity"). The Court thus intends to grant the Motion to the extent that it seeks to dismiss the Federal Claims asserted against the Individual Defendants.

**THE COURT** also intends to dismiss the Third Amended Complaint to the extent that it may be construed to assert claims against the defendant Middlesex County Prosecutors Office ("MCPO"), sua sponte. Ratliff stipulated to the dismissal of any claims asserted against the MCPO in August of 2012. (See dkt. entry no. 20, 8-6-12 Stipulation of Dismissal.) Furthermore, insofar as the action may be construed to concern the MCPO -- insofar as the MCPO is named in the Third Amended Complaint -- the action has been pending for more than 120 days without Ratliff having taken any proceedings against the MCPO. See L.Civ.R. 41.1(a).

**THE COURT** will deny the Motion to the extent that it addresses claims asserted pursuant to state law against the Individual Defendants ("State Claims") without prejudice. But the Court, in doing so, intends to decline to exercise supplemental jurisdiction over the State Claims. (See 3d Am. Compl. at 2 (introductory paragraph), 5-6 (¶ 24), 7 (¶ 31), 10 (¶ 40), 13 (7th Cause of Action).) See 28 U.S.C. § 1367(c)(3); Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013). The Court will dismiss the State Claims

without prejudice, and grant Ratliff leave to pursue those claims in state court within thirty days.  <u>See</u> 28 U.S.C. § 1367(d).

  **THE COURT,** for good cause appearing, will issue a separate Order and Judgment.

                <u>   s/ Mary L. Cooper   </u>
                **MARY L. COOPER**
                United States District Judge

Dated:  June 28, 2013